UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Anquan M. Cobb, #300653, | C/A No. 8:06-2478-GRA-BHH |
| Petitioner, | |
| v. | ORDER<br>(Written Opinion) |
| State of South Carolina; and Henry McMaster, Attorney General of the State of South Carolina, | |
| Respondents. | |

This matter is before the Court for review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C and filed October 4, 2006. Petitioner brings this suit pursuant to 28 U.S.C. § 2254. The magistrate recommends that the case be dismissed without prejudice and without issuance and service of process because petitioner failed to exhaust state remedies.

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court

may accept, reject or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  Petitioner filed objections to the Report and Recommendation on October 20, 2006.

Petitioner objects that his writ of mandamus was not filed with the South Carolina Supreme Court but with the Court of Common Pleas.  Even if the magistrate mischaracterized this fact, it does not alter the result because petitioner has a pending application for post-conviction relief and therefore has not exhausted his state remedies.

Petitioner makes a number of objections that go to the merits of his case.  The magistrate's recommendation was based not on the merits, but on the failure of petitioner to exhaust his remedies at the state level.  Therefore the Court need not address petitioner's objections that go to the merits of his case.

Petitioner argues that under the South Carolina Constitution, the state has 365 days in which to dispose of his petition for postconviction relief.  He claims that the state's failure to do so constitutes a procedural default.  Petitioner apparently misunderstands S.C. Code §17-27-45, which sets a one-year statute of limitations on state postconviction relief cases.  The statute mandates that prisoners file petitions for postconviction relief within one year from the date of conviction or from the date of discovery of grounds for relief, whichever is later.  This does not mean that the state only has one year in which to dispose of petitioner's postconviction relief case.  This objection is without merit.

Petitioner objects that he has, in fact, exhausted his state remedies.  The Court takes judicial notice of state court records, which indicate that petitioner's postconviction relief case is still pending.  Petitioner sought a writ of mandamus to force a resolution of his postconviction relief case, and this was denied by the South

Carolina Supreme Court. This is not to be confused with an appeal from a final judgment in a postconviction relief case, which is provided for in S.C. Code §17-27-100.

Petitioner argues that exhaustion of state remedies is not a jurisdictional requirement. It is true that inordinate delay by the state courts may, under certain circumstances, excuse exhaustion. *Reynolds v. Wainwright*, 460 F.2d 1026, 1027 (5th Cir. 1972). Petitioner filed his postconviction relief case on January 20, 2005. The Court finds that as of the date of this order, the state has not unreasonably delayed in the handling of petitioner's case. In the interest of comity, the state courts should be allowed an adequate opportunity to address petitioner's claims. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

After a review of the magistrate's Report and Recommendation and Petitioner's objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this petition be DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

December 8, 2006.

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.